# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Leslie Sapp, | ) |
| Petitioner, | ) No. CV-05-51-TUC-FRZ-DTF |
| vs. | ) **REPORT & RECOMMENDATION** |
| Charles Ryan, et al., | ) |
| Respondents. | ) |

Petitioner Steven Leslie Sapp, presently incarcerated at the Arizona State Prison - Gila Unit, in Douglas, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before the Court are the Petition (Dkt. 1),[1] Respondents' Answer (Dkt. 11), and Petitioner's Reply (Dkt. 13). The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted in the Cochise County Superior Court of one count of knowingly possessing a dangerous drug for sale and one count of resisting arrest, which occurred on October 5, 1998 (Case No. 98000452). (Dkt. 11, Ex. A at 17, 18.) On June 14, 1999, Plaintiff was sentenced to presumptive terms, two and one-half years for possession for sale and one year for resisting arrest, to be served concurrently. (*Id.* at 30-34.)

---

[1] "Dkt." refers to the docket numbers of documents filed in this Court's file.

The judge ordered that the sentences in that case would run consecutively to the sentences imposed the same day in two other cases. (*Id.* at 33.) Petitioner was sentenced to two five-year concurrent sentences for one count of knowingly selling or offering to sell a dangerous drug and one count of knowingly selling or offering to sell a dangerous drug to a minor on August 21, 1996 (Case No. 97000484B). Exhibits for Answer, Dkt. 10, Ex. A, Doc. 100, *Sapp v. Blair*, No. CV05-52-FRZ-DTF (D. Ariz. filed Jan. 27, 2005). For actions occurring on July 6, 1998, Petitioner was sentenced to concurrent terms of nine years and three months for one count of knowing possession of a dangerous drug for sale and one year and nine months for one count of knowing possession of drug paraphernalia; he received probation for one count of knowingly driving on a suspended license (Case No. CR 98000325). Exhibits for Answer, Dkt. 12, Ex. A, Doc. 63, *Sapp v. Blair*, No. CV05-50-FRZ-DTF (D. Ariz. filed Jan. 27, 2005).

Petitioner filed an appellate brief before the Arizona Court of Appeals, raising eight issues: the trial court erred in failing to suppress the methamphetamine; the trail court erred in denying Petitioner the right to challenge priors; this conviction must be reversed if either of the other convictions are reversed; there was insufficient evidence for the resisting arrest conviction; the trial court failed to give a *Willits* instruction; the trial court should have granted a mistrial; the trial court erred in taking judicial notice of a prior conviction; and if a prior conviction is reversed then this sentence must be set aside. (Dkt. 11, Ex. B.) Upon denial (*id.*, Ex. E), Petitioner filed a Petition for Review with the Arizona Supreme Court seeking review as to the eight claims raised below (*id.*, Ex. F). The petition was summarily denied on August 23, 2000. (*Id.*, Ex. G.) Petitioner did not petition the United States Supreme Court for certiorari.

On March 21, 2001, Petitioner filed a notice of post-conviction relief (PCR) pursuant to Arizona Rule of Criminal Procedure 32. (Dkt. 11, Ex. A at 40-43.) On July 3, 2002, Petitioner filed a PCR petition alleging ineffective assistance of appellate counsel. (*Id.* at 44-53.) The State responded on July 23, 2002. (*Id.* at 55-58.) The PCR court denied the

petition on the merits on September 19, 2002. (*Id.* at 59-60.)

During state court proceedings, Petitioner, the State and the PCR court filed documents with all three case numbers on them; based on the limited record before the Court, it appears that those documents were almost entirely docketed only in the case with the lowest number, CR97000484B.[2] To the extent relevant to Petitioner's arguments, the Court sets forth the procedural history from Petitioner's PCR proceeding in that case. On July 3, 2002, Petitioner's counsel filed a PCR petition in CR97000484B, and filed an amended petition on August 30, 2002. Exhibits to Answer, Dkt. 10, Ex. H, Docs. 39, 45 (No. CV05-52). In the interim, on August 22, Petitioner mailed a document to the PCR court listing all three of his criminal case numbers, which was captioned "Petitioner's consolidated supplemental pro per brief for post-conviction relief." *Id.*, Doc. 44. On October 1, 2002, the State filed a motion to extend the deadline to respond to the PCR petition and supplemental pro per brief, listing all three case numbers. Petitioner's Exhibits, Dkt. 13, Ex. E (No. CV05-52). It appears the request was granted, allowing the State until November 18 to respond. On December 18, 2002, the State filed a response under the one case number (CR97000484B) limited to the amended petition filed by counsel, Exhibits to Answer, Dkt. 10, Ex. H, Doc. 51 (CV05-52); the records reflect that the State did not respond to the pro per brief with respect to any of the cases. On January 2, 2003, the court issued an order with all three case numbers on it noting that the State had not filed a response on November 18 and should do so by January 30, 2003.[3]

On February 24, 2003, the court dismissed the PCR petition in CR97000484B; the court stated that it considered all pro se filings but it did not specifically acknowledge nor did it address the issues raised in the consolidated pro per petition. Exhibits to Answer, Dkt. 10,

---

[2] There is one appointment of counsel order with all three case numbers on it that was docketed in all of the cases. (Dkt. 11, Ex. A, Index listing Doc. 100.)

[3] This order appears to have been entered in error because the State filed a response on December 18 in CR97000484B, and the two other cases had been dismissed at that time. In the PCR court's final order in CR97000484B, it referred to the State's December response.

Ex. H, Doc. 59 (CV05-52). On April 3, 2003, Petitioner filed a consolidated Petition for Review before the Court of Appeals as to all three cases, CR97000484B, CR98000325, and CR98000452. (Dkt. 11, Ex. I.) On November 9, 2004, the Court of Appeals, in a consolidated decision, denied Petitioner's petition, as to this case, as untimely pursuant to Arizona Rule of Criminal Procedure 32.9(c). (*Id.*, Ex. J at 2.) On December 8, 2004, Petitioner's motion for reconsideration in the Court of Appeals was denied. (*Id.*, Ex. K.)

## **DISCUSSION**

Petitioner initiated this federal habeas proceeding on January 27, 2005. Respondents contend the petition is untimely under the statute of limitations; Petitioner disputes that argument and contends he is entitled to equitable tolling.

### **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) became effective on April 24, 1996. Under the AEDPA, federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Petitioner does not contend that subsections B, C, or D of the limitations period apply to him.

In applying (d)(1)(A), the Court must assess when direct review of Petitioner's conviction and sentences became final. The Arizona Supreme Court denied review on Petitioner's direct appeal on August 23, 2000, and his time to petition for a writ of certiorari

- 4 -

from the United States Supreme Court expired ninety days later, on Tuesday, November 21, 2000. Sup. Ct. R. 13. Thus, the judgment against Petitioner became final for purposes of § 2244(d)(1)(A) on that date. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that "direct review" includes the period during which a petitioner can petition for writ of certiorari, regardless of whether the petitioner seeks such review); *see also Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009) (finding direct review to include the time up to the expiration of the period to seek review by the Supreme Court). The statute of limitations began to run, absent tolling, on the date of finality – November 21, 2000.

The statute of limitations is tolled during the time a properly filed state PCR application is pending. 28 U.S.C. § 2244(d)(2). Petitioner initiated his first PCR proceeding by filing a notice on March 21, 2001, which triggered tolling as of that date. *See Isley v. Ariz. Dep't of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) (finding that tolling period begins with filing of notice pursuant to Arizona Rule of Criminal Procedure 32.4(a)). After the September 19, 2002 dismissal, Petitioner had thirty days to file a petition for review, Ariz. R. Crim. P. 32.9(c), until Monday, October 21, 2002. He did not seek review by that deadline. When he later filed a consolidated petition for review with his other two cases it was found untimely. Petitions rejected as untimely are not "properly filed" for purposes of § 2244(d)(2). *Pace v. DeGuglielmo*, 544 U.S. 408, 417 (2005). Therefore, after October 21, 2002, Petitioner did not have a properly filed PCR petition pending before the state court and the subsequent time was not entitled to statutory tolling.

The limitations period ran until January 27, 2005, when he filed his federal habeas petition. Because more than two years of untolled time passed from the time Petitioner's judgment became final, his petition is untimely.

**Equitable Tolling**

The Supreme Court has assumed without deciding that the AEDPA's statute of limitations can be equitably tolled. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Pace*, 544 U.S. at 418 n.8. Citing the standard for equitable tolling set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), the Court observed that a litigant generally "bears

the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. In turn, the Ninth Circuit holds the limitations period may be equitably tolled "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (quoting *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003)). The threshold for equitable tolling is very high and it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles*, 187 F.3d at 1107).

Petitioner contends he diligently attempted to meet every deadline and timely file all documents in state court and that an extraordinary circumstance prevented him filing. Petitioner argues that the state court stood in his way because he timely filed a "consolidated" pro se PCR brief, which the court failed to file and consider with respect to this case. Further, Petitioner contends the court should not have allowed the State until January 30, 2003, to respond to his pro se filing, while dismissing this case in September 2002.

Although the dockets for the three cases are a bit confusing and all participants, including the court, intermittently used all three case numbers, nothing extraordinary prevented Petitioner from timely filing in state court or in this Court. The PCR court never consolidated Petitioner's cases or gave him permission to file joint documents. Further, the PCR court did not grant him permission to file a pro se brief in this case, his counsel had timely filed a petition, and the State had already answered, by the time he attempted to file a consolidated pro se petition. Regardless of Petitioner's attempt to file pro se claims as to this case, once Petitioner learned that the PCR case had been dismissed, he was on notice that he needed to act.

Petitioner suggests he did not take action at that time because the State had not filed a response to the pro se consolidated brief. It was not reasonable or diligent to rely upon that fact once the PCR court entered a final dismissal order in this case. Petitioner could have sought reconsideration of the dismissal, which he contends was improper, or filed a petition

for review through his counsel, or he could have sought self-representation. No court action gave Petitioner reason to think he could delay seeking review in the court of appeals, but he did nothing. The PCR court's actions did not constitute an extraordinary circumstance preventing him from timely filing a petition for review, nor did Petitioner's actions amount to diligent pursuit of his rights. To the extent Petitioner was mistaken about his deadlines, a mistake by the petitioner generally does not warrant equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008). Further, pro se status alone does not warrant equitable tolling, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), nor does "lack of legal sophistication," *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner has not demonstrated that an extraordinary circumstance prevented him from timely filing nor that he diligently pursued his rights; therefore, he failed to reach the high threshold for equitable tolling.

The petition is untimely pursuant to 28 U.S.C. § 2254(d)(1), and Petitioner has not established entitlement to statutory or equitable tolling. The petition is time-barred.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-05-051-TUC-FRZ**.

DATED this 7th day of October, 2009.

D. Thomas Ferraro
United States Magistrate Judge